IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEE STOKES,

                Plaintiff,                      OPINION AND ORDER

v.

                                              20-cv-260-wmc

JACOB DORN, and
WAUPUN CORRECTIONAL INSTITUTION,

                Defendants.

---

*Pro se* plaintiff Lee Stokes, an inmate at the Waupun Correctional Institution ("Waupun"), has filed a civil complaint for damages and injunctive relief, claiming that correctional officers at Waupun failed to provide him with his prescribed medications. Since Stokes is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether he may proceed with the case. While Stokes is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit nonetheless is subject to dismissal, but the court will give Stokes the opportunity to file an amended complaint that corrects the deficiencies explained below.

ALLEGATIONS OF FACT

Stokes' complaint includes very few allegations. He alleges that he has prescription medications that he takes for his "bad heart" and "psych problems." From January 27 to February 17, 2020, defendant Jacob Dorn, a correctional officer at Waupun, as well as "other [correctional officers] in the north cell hall," failed to provide Stokes with his p.m.

and bedtime medications. Sometimes the officers never stopped at his cell and sometimes they did not bring their computers with them to scan his ID. Although the officers told him that he had already taken his medications or that he had refused his medications, this was not true. Stokes claims that he was "very sick" during the three-week period when he did not receive his medications.

OPINION

The court understands plaintiff to be pursuing a claim that defendants violated his rights under the Eighth Amendment by ignoring his serious medical needs.[1] As an initial matter, however, Waupun must be dismissed with prejudice because it is not a proper defendant to a § 1983 claim. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint.").

As for defendant Dorn, plaintiff's allegations as currently pled do not support an inference of an Eighth Amendment violation. The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition

---

[1] Although Stokes asserts that he is bringing a state law claim based on diversity of citizenship, he does not allege that he and defendants are citizens of different states, nor does he provide any facts to suggest that the amount in controversy would meet the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332. Accordingly, I have assumed that Stokes is asserting a federal constitutional claim under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

To start, plaintiff's vague allegations that he "needs" his medications and was "sick" without them fail to plausibly allege that that he had a serious medical need, much less that Dorn or any of the other officers were aware of it. Even assuming plaintiff's allegations support an inference of a serious medical need, his allegations are too vague to permit an inference that defendant Dorn or any of the other unnamed correctional officers responded with deliberate indifference to plaintiff's serious medical condition. (Plaintiff does not need to know these officers' names in order to proceed against them, but he *does* need to allege facts to show that each officer was personally responsible in some way for violating his rights. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (plaintiff bringing civil

3

rights action must prove that defendant personally participated in or caused the unconstitutional actions).) In particular, plaintiff does not allege that *any* officer deliberately withheld medications or knew that Stokes had not received them but failed to provide them anyway. To the contrary, the complaint suggests that the officers were under the mistaken impression that plaintiff had already received them or had refused to take them. Indeed, plaintiff suggests that the officers would have noticed that he had not received or refused his medications if they would have brought their computers and scanned his ID like they were supposed to. However, the officers' failure to scan his ID, without more, states at best a claim of negligence, not deliberate indifference.

Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Given the high burden governing deliberate indifference claims described above, and the fact that liability under § 1983 requires personal involvement in the alleged constitutional violation, plaintiff's allegations do not provide sufficient information for the court to determine whether he may proceed against Dorn or any other correctional officer.

For these reasons, the court is dismissing plaintiff's complaint, but will give him a short window of time in which to file an amended complaint. In crafting it, plaintiff must draft his amended complaint considering the principles and standards laid out above, and

4

write it as if he were telling a story to people who know nothing about his situation. He should state (1) what acts he believes violated his rights; (2) what specific rights were violated; (3) who committed each act (if he does not know particular officers' names, he can use the pseudonym "John Doe 1, John Doe 2," etc.); and (4) what relief he wants the court to provide. If plaintiff fails to submit an amended complaint by the deadline set below, the court will dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Lee Stokes' complaint is DISMISSED without prejudice.

2. Plaintiff may have until June 4, 2021, to submit an amended complaint that complies with Rule 8.

3. Waupun Correctional Institution is DISMISSED with prejudice.

Entered this 14th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge